**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   NO. CR 04-2407 RB |
| | ) |
| **ROSS LEE MACKEY,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), based on the United States Sentencing Commission's recent amendment to the guidelines for offenses involving cocaine base, more commonly known as crack cocaine. Having considered the arguments of counsel, relevant law, and being otherwise fully informed, the Court finds that it lacks jurisdiction to amend Defendant's sentence because a reduction in Defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2) and would be inconsistent with the applicable policy statement issued by the Sentencing Commission. Defendant's motion, therefore, must be **DENIED**.

**I.     Background.**

On December 2, 2004, Defendant pled guilty to possession with intent to distribute crack cocaine. The plea agreement did not include terms regarding a specific sentence or sentencing range as allowed under Fed.R.Crim.P. 11(c)(1)(C). At sentencing, the Court found a base offense level of 26 under U.S.S.G. § 2D1.1(a)(3), which was increased by 2 levels for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1), and reduced by 5 levels, based on Defendant's minor

role in the offense, pursuant to U.S.S.G. § 3B1.2(b), and because Defendant demonstrated an acceptance of responsibility for the offense, pursuant to U.S.S.G. § 3E1.1. Defendant's total offense level of 23, when coupled with his criminal history category of III, resulted in a sentencing guideline range of 57 to 71 months. However, as Defendant did not qualify for the "Safety Valve" provision, pursuant to U.S.S.G. § 5C1.2, the guideline sentencing range became 60 to 71 months, pursuant to U.S.S.G. § 5G1.1 and 21 U.S.C. § 841(b)(1)(B).

On May 2, 2005, Defendant was sentenced to a term of 60 months in prison, the lower end of the guideline sentencing range. In the fall of 2007, the Sentencing Commission effectively made a two-level reduction in the crack cocaine base level. On May 7, 2008, Defendant filed his Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

Under the new crack cocaine amendments and conversions, Defendant's total offense level would be 21. Coupled with a criminal history category of III, these computations would result in a guideline sentencing range of 46 to 57 months. However, as Defendant is still ineligible for the "Safety Valve" provision, pursuant to U.S.S.G. § 5C1.2, his guideline sentence is 60 months, consistent with U.S.S.G. § 5G1.1 and 21 U.S.C. § 841(b)(1)(B).

**II.     Discussion.**

       **A. Applicable Legal Standards.**

This Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed.R.Crim.P. 35. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1996) (noting that a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization). However, 18 U.S.C. § 3582(c)(2) provides statutory authorization for this Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission," but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The 10th Circuit Court of Appeals has stressed that "[i]n determining whether to reduce a defendant's sentence due to a subsequent amendment, 18 U.S.C. § 3582(c) directs the district court to determine whether 'reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" *United States v. Telman*, 28 F.3d 94, 96 (10th Cir. 1994). *See also United States v. Dorrough*, 84 F.3d 1309, 1312 (10th Cir. 1996).

On March 3, 2008, the Sentencing Commission amended its policy statement regarding reductions in terms of imprisonment resulting from changes to guideline ranges at issue in this case. The amended policy statement explicitly prohibits the reduction in a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B). *See* U.S.S.G. Amendments 712 and 713.

The Sentencing Commission does not have the authority to alter a statutory minimum sentence. *See* U.S.S.G. § 1B1.10 app.note 1(A)(ii) (affirming that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if an amendment is applicable to the defendant, but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment). Accordingly, the 10th Circuit has recognized that, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant. *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).

The retroactive application of a change in the offense level of the Sentencing Guidelines is

not required by U.S.S.G. § 1B1.10(a), but rather falls within this Court's discretion. *Dorrough*, 84 F.3d at 1312.  *See also Telman*, 28 F.3d at 96, (noting "it is apparent from the language of § 1B1.10(a)–i.e., 'may consider'–that a reduction is not mandatory but is instead committed to the sound discretion of the trial court").

### B.    Analysis.

Defendant essentially argues that, based on the crack cocaine amendments, his offense level would be reduced by 2, producing a lower guideline sentencing range. However, applying the amended sentencing guidelines does not have the effect of reducing the lower end of Defendant's applicable guideline range, nor does it have the effect of reducing the guideline sentence below Defendant's current sentence.  Indeed, because the lower end of Defendant's sentence guideline range is mandated by a statutory minimum term of imprisonment, pursuant to 21 U.S.C. 860, the lower end of the guideline sentence remains unchanged by the crack cocaine amendments.  In other words, the amendments do not have the effect of lowering Defendant's applicable guideline range; instead, the crack cocaine amendments only narrow Defendant's guideline sentencing range.

The fact that Defendant was sentenced to a term of imprisonment at the lower end of the applicable guideline range is particularly relevant to the Court's analysis of this case.  It is this Court's view that the lower end of the guideline sentencing range is the relevant reference point in determining if the sentencing range has been "subsequently lowered by the Sentencing Commission," pursuant to 18 U.S.C. § 3582(c)(2).  Indeed, this Court interprets 18 U.S.C. § 3582(c)(2), as only granting jurisdiction to modify a sentence when amendments to the guideline sentencing range have the effect of producing a new guideline sentence or sentencing range that is less than the Defendant's current sentence.

As a practical matter, it would make little sense to permit the Court to re-open a sentence

based on a guideline amendment that would not, if applied to the Defendant, make any difference in the outcome. As a legal matter, U.S.S.G. § 1B1.10(a)(2)(B) prohibits the Court from modifying a term of imprisonment if an amendment "does not have the effect of lowering the defendant's applicable guideline range." *See Dorrough*, 84 F.3d at 1312 (affirming denial of 18 U.S.C. § 3582(c)(2) motion where, under an alternate calculation, the Defendant had the "same offense level under the new guidelines as he had under the old"). Coupled with the statutory requirement in 18 U.S.C. § 3582(c)(2) that modifications to sentences be "consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission's policy statement effectively bars this Court from exercising jurisdiction to reduce Defendant's term of imprisonment. *See Telman*, 28 F.3d at 96. *See also Dorrough*, 84 F.3d at 1312.

The Court commends Mr. Mackey for his exceptional efforts to educate and rehabilitate himself, but finds that it is powerless to reduce his sentence below the statutory minimum because such a reduction is not authorized under 18 U.S.C. § 3582(c)(2) and would be inconsistent with the Sentencing Commission's applicable policy statement, as articulated in U.S.S.G. § 1B1.10(a)(2)(B).

### III. Conclusion.

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**